IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVID C. BATES, #1425670, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 6:13cv371 |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner David C. Bates filed a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 under the above-referenced case number. In his petition, he admitted that he previously filed a petition for writ of habeas corpus challenging the same state conviction in the 241st Judicial District Court of Smith County, Texas. Petition at 2. That previous federal habeas petition was filed in this District in *Bates v. Director TDCJ-CID*, 6:10cv3 (E.D. Tex. June 30, 2010) (date of dismissal with prejudice). The assigned Magistrate Judge issued a Report and Recommendation in the instant case, recommending that the instant petition be dismissed without prejudice as a successive petition on the basis that Petitioner had made no showing that he obtained permission from the United States Court of Appeals for the Fifth Circuit to make such a filing under 28 U.S.C. § 2244. On August 8, 2013, the Court adopted the Report and Recommendation, dismissed the instant, successive petition without prejudice, and entered a Final Judgment.

On September 11, 2013, Petitioner filed a Motion for Extension of Time to File a Notice of Appeal (docket entry #14). He acknowledged that Final Judgment was entered August 8, 2013. *Id*. at 1. He also acknowledged that, pursuant to Fed. R. App. P. 4(a)(1)(A), his notice of appeal, application for certificate of appealability and motion for leave to proceed *in forma pauperis* were

1

due to be filed September 7, 2013. *Id*. He seeks an extension of time in which to file his notice of appeal, citing Fed. R. App. P. 4(a)(5). That Rule states,

> **Motion for Extension of Time.**
>
> **(A)** The district court may extend the time to file a notice of appeal if:
>
> **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

*Id*. Here, Petitioner's motion exceeded the maximum time for filing his notice of appeal. Under Fed. R. App. P. 4(c), Petitioner would be entitled to a presumption of having filed his motion as of the date he delivered it to the prison mailing system with an attestation of the date of deposit and a statement that first-class postage had been prepaid; *see also Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). However, he does not attest that he did so. He did sign a Certificate of Service that he served his motion on the Attorney General of Texas on September 8, 2013. Motion at 2 (Certificate of Service). He also dated a letter to the Clerk of this Court on September 8, 2013. However, he did not indicate when he placed the motion in the prison mail system. The envelope in which it was mailed is postmarked September 10, 2013. *Id*. at PageID #48.

Nonetheless, whether crediting his motion as of September 8 or 11 (the date it was entered on the docket), 2013, he filed his motion within 30 days of the expiration of the period for filing a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(i). He asserted he is confined at the Boyd Unit with limited access to the law library and limited knowledge in preparing the required documents and wishes to consult with more knowledgeable inmates. The Court must consider whether Petitioner has shown excusable neglect or good cause for his delay in filing. *Id*., Rule 4(a)(5)(A)(ii). In

2

doing so, the Court may consider "(1) 'the possibility of prejudice to the other parties,' (2) 'the length of the applicant's delay and its impact on the proceeding,' (3) 'the reason for the delay and whether it was within the control of the movant,' and (4) 'whether the movant has acted in good faith.'" *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012); *Davis v. Valdez*, 2014 WL 684963, at *1 (N.D. Tex. Feb. 21, 2014). Here, the Court ruled on the submission of Petitioner's successive petition without having required an answer from the Director; therefore, the Director cannot be prejudiced by granting the extension. His delay was brief; if he is credited with filing his motion on September 8, the delay is one day. His access to the prison law library is not under his control and the fact he wishes to consult with other inmates with greater knowledge is a routine occurrence. Finally, the Court presumes Petitioner's good faith. There is no reason not to grant the motion. Pursuant to Fed. R. App. P. 4(a)(5)(C), the Court may grant an extension of 14 days from the date of this Order. Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Extension of Time to File a Notice of Appeal (docket entry #14) is **GRANTED**. He may file a notice of appeal within 14 days of the date of this Order. Fed. R. App. P. 4(a)(5)(C).

**It is SO ORDERED.**

**SIGNED this 5th day of August, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE