IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| DAVID C. BATES, #1425670, | § | |
|---|---|---|
| | § | |
| *Petitioner,* | § | |
| | § | Civil Action No. 6:13cv371 |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner David C. Bates filed a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 under the above-referenced case number. In his petition, he admitted that he previously filed a petition for writ of habeas corpus challenging the same state conviction in the 241st Judicial District Court of Smith County, Texas. Petition at 2. That previous federal habeas petition was filed in this District in *Bates v. Director TDCJ-CID*, 6:10cv3 (E.D. Tex. June 30, 2010) (date of dismissal with prejudice). The assigned Magistrate Judge issued a Report and Recommendation in the instant case, recommending that the instant petition be dismissed without prejudice as a successive petition on the basis that Petitioner had made no showing that he obtained permission from the United States Court of Appeals for the Fifth Circuit to make such a filing under 28 U.S.C. § 2244. The Court adopted the Report and Recommendation, dismissed the instant, successive petition without prejudice, and entered a Final Judgment.

Subsequently, Petitioner filed a Motion for Extension of Time to File a Notice of Appeal, which the Court granted on August 5, 2014 (docket entry #15). Petitioner has now filed a second Motion for Extension of Time to File Notice of Appeal (docket entry #16). The motion was entered on the docket on August 19, 2014. An accompanying letter to the Clerk of this Court

indicates he placed it "in the U.S. mail at the Boyd Unit, Texas Dept. of Criminal Justice on Aug. 13th, 2014." Motion at PageID #3. Accordingly, the Court will assume Petitioner delivered the motion to the prison mail system on that date and so filed it pursuant to the prison mailbox rule. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

Petitioner admits he promptly received this Court's grant of his first such motion on August 7, 2014, but seeks a second extension of time to file a simple notice of appeal because the Boyd Unit was on lockdown at the time and he had no opportunity for access to the law library or to seek assistance in preparing a motion for a certificate of appealability ("COA") to the United States Court of Appeals for the Fifth Circuit. Motion at 1. He acknowledges that at the time he filed his motion, August 13, that the deadline for filing his notice of appeal was August 19, 2014. All he need have done was to place a simple and brief notice of his intent to appeal into the prison mail system on or before that date, which would not have required any research or materials other than what he put into his instant motion. He did not do so.

On the other hand, Petitioner has clearly expressed his intent to appeal in the form of the motion itself. "A document filed in the period prescribed by Fed. R. App. P. 4(a)(1) for taking an appeal should be construed as a notice of appeal if the document 'clearly evinces the party's intent to appeal.'" *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (quoting *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir.1974), *abrogated on other grounds by Kotam Elec., Inc. v. JBL Consumer Prod., Inc.*, 98 F.3d 724 (5th Cir. 1996) (en banc)); *Thurby v. Abbott*, 511 F. App'x 377, 378 (5th Cir. 2013) (per curiam); *see also Smith v. Barry*, 502 U.S. 244, 248, 112 S. Ct. 678, 116 L. Ed. 2d (1992) ("notice of appeal must specifically indicate the litigant's intent to seek appellate review"). Here, Petitioner has clearly stated that he intends to appeal the judgment and also to seek a

certificate of appealability on the issue of his successively-filed habeas petition. Petitioner filed his instant motion within the extension of time the Court previously granted for filing a notice of appeal. Therefore, the Court construes his second Motion for Extension of Time to File Notice of Appeal (docket entry #16) as a timely notice of appeal itself and the motion will otherwise be denied as moot.

As noted, Petitioner states that he wishes to file an application for a COA, in addition to his intent to appeal. He specified that he intended to file his application before the Fifth Circuit. For the purposes of clarity, however, if he harbors an intent to file it such an application in this Court, he is reminded that this Court has already made a decision on that point and denied a COA. *See* docket entry #12. Petitioner's option now is to ask the Fifth Circuit to consider granting him a COA. 28 U.S.C. § 2253(c)(1). Therefore, inasmuch as the Court has construed his motion as a notice of appeal, his recourse at this junction is to file a motion for a COA with the Fifth Circuit. Consequently,

**IT IS HEREBY ORDERED** that Petitioner's second Motion for Extension of Time to File Notice of Appeal (docket entry #16) is construed as a Notice of Appeal and otherwise is **DENIED** as **MOOT**.

It is SO ORDERED.

SIGNED this 26th day of August, 2014.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE